UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Thomas Elder Jr., ) | C/A No. 5:08-696-MBS-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **Report and Recommendation** |
| Jimmy Pacheco, M.D.; and ) | |
| Geraldine Mayor, M.D., ) | |
| Defendants. ) | |

The Plaintiff has filed this case *pro se*, and is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and amended complaint (hereinafter referred to as "the complaint") pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978). Even considered under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).



Background

On February 27, 2008, Plaintiff filed a one paragraph document, which was liberally construed as a civil action alleging medical malpractice against two doctors. The document stated that Plaintiff was a patient at Bryan Psychiatric Hospital in 1998, where he had been treated by the Defendant Pacheco. Plaintiff claimed that he was "very mentally sick" between 1996 and 2004, and that Pacheco administered medication that caused him to have sexual side-effects. Plaintiff failed to provide any facts in his complaint regarding Defendant Mayor, but attached a medical summary signed by this Defendant in June, 2003. Defendant Mayor is listed on the medical summary as a Staff Psychiatrist at Bryan Psychiatric Hospital.

Plaintiff's original complaint failed to request any type of relief, and Plaintiff also failed to provide service documents and Local Rule 26.01 Interrogatories. Therefore, an order was filed on March 6, 2008, directing Plaintiff to bring this case into proper form. Plaintiff complied with the Order on March 24, 2008 by submitting an amended complaint, Local Rule 26.01 Interrogatories, and service documents for Defendant Pacheco.

In the amended complaint, Plaintiff states "Doctor Jimmy Pacheco, M.D. gave me medicine that took away my sexual feelings." Plaintiff states that he wants "Doctor Pacheco, M.D. to pay for my urologist visit and exam, and to sue for 2 million dollars." As in the original complaint, no facts are alleged against Defendant Mayor in the amended pleadings. In addition, Defendant Mayor is not listed as a defendant in the amended complaint, and no service documents are provided for her. Therefore, it appears that Plaintiff may no longer wish to proceed against Mayor in this case. In any event, the complaint is subject to summary dismissal for lack of subject matter jurisdiction, as discussed below.



Discussion

In order for this Court to hear and decide a case, the Court must first have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). Further, although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

A Plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[,]" although if the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). However, if the court, viewing the allegations in the light most favorable to the

3



Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern*, 190 F.3d at 654. Such is the case here.

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Plaintiff's complaint do not fall within the scope of either of these forms of jurisdiction. First, there is no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). Here, the Court has no diversity jurisdiction over this case because, according to the Plaintiff's information, he and Defendant Pacheco are both residents of South Carolina.[1]

Second, it is clear that the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's complaint involves a medical malpractice claim, and medical malpractice is generally a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Hardee v. Bio-Medical Applications of S.C., Inc.*, 636 S.E.2d 629 (S.C. 2006); *Ardis v. Sessions*, 633 S.E.2d 905 (S.C. Ct. App. 2006). Plaintiff's allegations do not contain any reference to an alleged violation of any federal statute or constitutional provision by the

---

[1] In the absence of diversity of citizenship, the amount in controversy is irrelevant.

4



Defendants, nor is any type of federal question jurisdiction otherwise evident from the face of the complaint.

## Recommendation

In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for the Defendants. Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

April 2, 2008
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

